## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ANGELO J. FELDER,

      Petitioner,

v.

TIM BRUNSMAN, WARDEN,

      Respondent.

CASE NO. 10-CV-549
JUDGE SARGUS
MAGISTRATE JUDGE KING

### OPINION AND ORDER

On December 20, 2010, the Magistrate Judge recommended that Respondent's motion to dismiss be granted and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Report and Recommendation,* Doc. No. 12. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation. Objection,* Doc. No. 16. Having performed a *de novo* review of the record, the Court **OVERRULES** Petitioner's objections. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Respondent's motion to dismiss, Doc. No. 10, is **GRANTED.** This action hereby is **DISMISSED.**

In his objections, Petitioner contends that the statute of limitations should be equitably tolled because he acted diligently in pursuing his claims, because he was denied the effective assistance of counsel, and because his convictions are void and that to sustain them would constitute a manifest miscarriage of justice.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Moreover, equitable tolling should be invoked only sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys*

*v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated

deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable
> tolling in situations where the claimant has actively pursued his
> judicial remedies by filing a defective pleading during the statutory
> period, or where the complainant has been induced or tricked by his
> adversary's misconduct into allowing the filing deadline to pass."
> *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453,
> 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much
> less forgiving ... where the claimant failed to exercise due diligence
> in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr.
> v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)
> ("One who fails to act diligently cannot invoke equitable principles
> to excuse that lack of diligence.")

*Jurado v. Burt,* 337 F.3d 638, 642-43 (6th Cir. 2003). In order to determine whether to equitably toll

the statute of limitations, a court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the
> petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights; (4) absence of prejudice to the
> respondent; and (5) the petitioner's reasonableness in remaining
> ignorant of the legal requirement for filing his claim.

*Id.,* at 643 (citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr,*

851 F.2d 146, 151 (6th Cir.1988).

Petitioner would not have been acting reasonably in remaining ignorant of the statute of

limitations in habeas corpus cases, which has been in effect since 1996. Lack of actual notice, and

"ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [a late]

filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,*

197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).

2

> Even those not versed in the law recognize the centuries-old maxim
> that "ignorance of the law is no excuse." This maxim, deeply
> embedded in our American legal tradition, reflects a presumption that
> citizens know the requirements of the law. The benefits of such a
> presumption are manifest. To allow an ignorance of the law excuse
> would encourage and reward indifference to the law.

*United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 2999).  There is no reason to conclude that

Petitioner did not have constructive knowledge of the one-year filing requirement, particularly for

the lengthy period at issue in this case.  The record wholly fails to support Petitioner's allegation that

he acted diligently in pursuing his claims or that, but for the ineffective assistance of counsel, he

would have timely sought federal habeas corpus review.

The trial court sentenced Petitioner on February 3, 2003, pursuant to the terms of Petitioner's

negotiated guilty plea and the joint recommendation of the parties.  Petitioner failed to challenge his

conviction or sentence in any manner until January 2006 when he alleged only that his sentence

violated *Blakely v. Washington*, 542 U.S. 296 (2004).  It was not until February 2009, in a motion

to withdraw his guilty plea, that Petitioner first raised any issue of ineffective assistance of counsel.

Even then, this claim was based on *State v. Colon*, 118 Ohio St.3d 26 (2008), a case that was issued

long after Petitioner entered his guilty plea. *See Exhibits 23-26 to Motion to Dismiss*.  These facts

simply fail to reflect diligence on Petitioner's part or a manifest miscarriage of justice sufficient to

justify an equitable tolling of the statute of limitations. Finally, the Court finds immaterial

Petitioner's argument that Respondent will not be prejudiced by the equitable tolling of the statute

of limitations.  Absence of prejudice is not an independent basis for the application of the doctrine

of equitable tolling.  *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151 (citing *Baldwin County*

*Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)).  Rather, the absence of prejudice to the

opposing party is considered only when other factors warrant the equitable tolling. *Id.* Such are not the circumstances here.

For these reasons and for the reasons articulated in the *Report and Recommendation*, Petitioner's objections, Doc. No. 16, are **OVERRULED**. The *Report and Recommendation,* Doc. No. 12, is **ADOPTED** and **AFFIRMED.** Respondent's motion to dismiss, Doc. No. 10, is **GRANTED.** This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT**.

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

3-29-2011
Date

4